PER CURIAM.
This matter is before the Court on a stipulated disposition of a complaint by The Florida Bar against Jack F. White, Jr., Respondent, pursuant to Article 11 of *464 the Integration Rule of The Florida Bar as amended.
On the narrow file before us, we glean that in a case entitled Van Dolen v. Peeples, Case No. 71-456, CIV JLK, a civil case filed in the United States District Court for the Southern District of Florida in 1971, the Respondent was duly retained by the Peeples to defend their cause. After conducting settlement negotiations involving the Respondent’s traveling to Miami, he entered into a stipulation for his clients to settle the Van Dolen case for $1,000 if paid within 30 days from November 24, 1971, but the stipulation provided that if the settlement was not concluded within 30 days, the Peeples would be subject to an increased liability of $15,000. Meantime, Mr. Peeples was dismissed as a defendant in the case because of pending bankruptcy proceedings. The Respondent failed to notify his clients of his settlement arrangement as a result of which the settlement offer of $1,000 was not paid and judgment in the amount of $15,000 was entered against Mrs. Peeples on February 4, 1972. Subsequent to that date, Mrs. Pee-ples, through other counsel, did arrange to settle the $15,000 judgment for $3,876.00 plus an additional $805.57 in attorney’s fees and interest on loans necessary to raise the money for a total of $4,713.94. Thus, the case of Van Dolen v. Peeples was concluded and is of no further interest in this matter.
During the 30-day period provided for the payment of $1,000 in settlement, the Peeples did not provide that sum of money because they did not know of the settlement agreement. Collateral to the foregoing circumstances, we learn from the record that on September 13, 1971, Mr. and Mrs. Peeples entered into a contract to purchase a home and provided a binder of $1,000 and thereafter engaged the Respondent and paid him $140 as an attorney’s fee to close the transaction. The record indicates that Mr. and Mrs. Peeples decided against the purchase of the home and agreed to sell their purchase agreement to the Respondent and a friend of his for $1,000. We must assume from the record, but without knowing, that the sale of this purchase agreement for $1,000 was intended to provide the sum necessary to settle the Van Dolen case and that perhaps accounts for the failure of the Peeples to provide $1,000 in cash from their own funds. Towards the end of the confusion, the Respondent and his associate, having been given credit for $1,000 on the purchase price of the property, became indebted to the Peeples in that amount and the Respondent advised Mrs. Peeples on or about May 26, 1972, that he was holding that sum for her. We are not informed as to why she did not call for her money and on December 1, 1972, the Respondent applied the sum of $1,000, then on deposit with him, for his attorney’s fees in the case from which he had been relieved in the interim.
Subsequently thereafter, a disposition without trial was discussed between the Respondent and The Florida Bar following which on November 25, 1975, all parties agreed to the following disciplinary measures on the Respondent, to-wit:
1. Restitution to Mary W. Peeples in the amount of $4,713.94.
2. A public order to be published in the Southern Reporter, Second Series, providing for a recitation of the material facts alleged in the complaint and an order suspending the Respondent from the practice of law for a period of 14 consecutive days with automatic reinstatement at the end of the period of suspension as provided in Rule 11.10(3).
subject, however, to approval of this Court.
Accordingly, the settlement stipulation, having been approved by The Florida Bar and the Respondent, is approved by this Court and it is therefore,
Ordered and adjudged that the Respondent, Jack F. White, Jr., is suspended from the practice of law for a period of 14 consecutive days beginning May 3, 1976, at the expiration of which time he shall stand *465 reinstated as a member in good standing of The Florida Bar.
It is further ordered and adjudged that the Respondent, prior to May 3, 1976, pay to Mary W. Peeples the sum of $4,713.94 in accordance with the stipulation and the costs of this proceeding fixed at $675.85.
It is so ordered.
OVERTON, C. J., and ROBERTS, ENGLAND and HATCHETT, JJ., concur.
BOYD, J., concurs specially with an opinion.